UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL MENDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID H. YAMASAKI, et al.,<br><br>    Defendants. | Case No. 17-cv-04368-HSG<br><br>**ORDER DISMISSING CERTAIN DEFENDANTS WITH PREJUDICE; ORDER TRANSFERRING CASE** |

Plaintiff, an inmate at Chuckawalla Valley State Prison ("CVSP"), has filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff brings suit against Santa Clara County Superior Court Chief Executive Officer David Yamasaki; Santa Clara County Superior Court Legal Process Clerk P. Kotsubo; current CVSP Warden C. Callahan; and former CVSP Warden Kim Siebel. Dkt. No. 1 at 3–4. Plaintiff alleges that Defendants Yamasaki and Kotsubo denied his request for legal documents needed to file his writ of habeas corpus. *Id.* at 3–6. Plaintiff alleges that CVSP Warden Callahan denied him a "parole clothe date"; did not provide him with his abstract of judgment; and is keeping him imprisoned to do hard labor without pay. *Id.* Plaintiff alleges that former CSVP Warden Siebel did not respond to the order to show cause, and did not provide him with his abstract of judgment. *Id.*

Court personnel are entitled to absolute quasi-judicial immunity for "all claims relating to the exercise of judicial functions." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), *as amended* (Sept. 6, 2002) (citation omitted). The Ninth Circuit has "extended absolute quasi-judicial immunity . . . to court clerks and other non-judicial officers for purely administrative acts—acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *Id.* at 952. In determining whether a function is judicial in nature, a court must focus on the "ultimate act" rather than the constituent parts of the act. *Id.* In *Castillo*,

2

the Ninth Circuit held that a bankruptcy trustee's notice and scheduling of a hearing was subject to immunity because the ultimate act of scheduling hearings is the convening of an adjudicatory hearing, which is clearly a judicial function. *Id.* at 953.

Here, Plaintiff alleges that Santa Clara County Superior Court Chief Executive Officer Yamasaki and Santa Clara County Legal Process Clerk P. Kotsubo Yamsaki and Kotsubo denied his request for legal documents which Plaintiff needed to file his writ of habeas corpus, thereby violating Plaintiff's constitutional rights. These actions by Defendants Yamsaki and Kotsubo are properly characterized as an integral part of the judicial process. *See* Cal. Gov't Code § 69840 ("The clerk of the court shall exercise or perform, in addition to the powers, duties, and responsibilities provided by statute, any powers, duties, and responsibilities required or permitted to be exercised by the county clerk in connection with judicial actions, proceedings, and records."); Cal. Gov't Code § 71620 ("Each trial court may appoint an executive or administrative officer who . . . shall exercise such administrative powers and perform such other duties as may be required by the trial court . . .[and] has the authority of a clerk of the trial court."). As such, Defendants Yamsaki and Kotsubo enjoy absolute quasi-judicial immunity for their performance of these duties. *See, e.g., Stewart v. Minnick*, 409 F.2d 826, 826 (9th Cir. 1969) (refusal of court reporter and court clerk to provide plaintiff with requested portion of state criminal trial transcript were actions taken in their capacity as quasi-judicial officers); *cf. Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (holding that, where court clerk files or refuses to file a document with the court, he is entitled to quasi-judicial immunity for his actions, provided the acts complained of are within the clerk's jurisdiction); *Palacios v. Fresno Cty. Sup. Ct.*, No. 1:09cv0554 OWW DLB, 2009 WL 3416173, at *4–*5 (E.D. Cal. Oct. 21, 2009) (applying absolute quasi-judicial immunity to claims against court clerk for withholding information relating to a case, refusing to allow the filing of documents, misrepresenting facts, making administrative mistakes, proving "different information than that provided by others, providing incorrect information about filing motions, refusing to answer phone calls, failing to provide copies, and failing to allow plaintiff to check out library books); *Ilaw v. United States*, No. 11–CV–5000 RMW, 2012 WL 629244, at *2 (N.D. Cal. Feb. 27, 2012) (citing *Castillo* and *Mullis* in

dismissing complaint by litigant that clerk did not maintain medical records under seal, because "the maintenance of case files and sealing of documents are basic and integral parts of the judicial process . . . [and] the clerk of the court and deputy clerks are the officials through whom such actions are taken," making such actions subject to quasi-judicial immunity unless performed "in the clear absence of jurisdiction.").

Defendants Yamsaki and Kotsubo are therefore DISMISSED from this action with prejudice. The Court will not grant leave to amend the claims against Defendants Yamsaki and Kotsubo because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (dismissal without leave to amend appropriate where "any amendment would be futile").

**C. Venue**

The remaining claims are against current CVSP Warden C. Callahan and former CVSP Warden Kim Siebel, and are related to Plaintiff's treatment while incarcerated at CVSP, which is located in Riverside County. Because the acts complained of occurred in Riverside County, which lies within the venue of the Central District of California, *see* 28 U.S.C. § 84(c)(1), venue properly lies in that district and not in this one, *see* 28 U.S.C. § 1391(b)(2). Accordingly, this case is TRANSFERRED to the United States District Court for the Central District of California. *See* 28 U.S.C. § 1406(a). The Court will not rule on Plaintiff's request to proceed *in forma pauperis*.

**CONCLUSION**

For the foregoing reasons, Defendants Yamsaki and Kotsubo are DISMISSED from this action with prejudice. The Clerk of the Court is directed to TRANSFER this action to the Central District of California.

**IT IS SO ORDERED.**

Dated: 1/4/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

4